IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE RUSSELL; TERRY ANDERSON; (DE)OCCUPY HONOLULU; AND JOHN DOES 1-50, ) ) ) | CIVIL 13-00475 LEK-RLP |
| Plaintiffs, ) | |
| vs. ) | |
| CITY AND COUNTY OF HONOLULU; JOHN DOES 1-50, ) ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
AND CLARIFICATION OF ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

On November 29, 2013, this Court issued its Order
Granting in Part and Denying in Part Plaintiffs' Motion for
Preliminary Injunction ("11/29/13 Order"). [Dkt. no. 20.[1]]
Before this Court is Defendant the City and County of Honolulu's
("the City") motion for reconsideration and clarification of the
11/29/13 Order ("Motion for Reconsideration"), filed on
December 10, 2013. [Dkt. no. 21.] Plaintiffs Catherine Russell
("Russell"), Terry Anderson ("Anderson"), and (De)Occupy Honolulu
(collectively "Plaintiffs") filed their memorandum in opposition
to the Motion for Reconsideration on December 27, 2013, and the
City filed its reply on January 13, 2014. [Dkt. nos. 26, 29.]
The Court finds this matter suitable for disposition without a

---

[1] The 11/29/13 Order is also available at 2013 WL 6222714.

hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the City's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background in this case, and this Court will only discuss the background that is relevant to the instant Motion for Reconsideration.

In the 11/29/13 Order, this Court found, *inter alia*, that Plaintiffs were likely to succeed on the merits of their as-applied due process challenge and their as-applied Fourth Amendment challenge to Chapter 29, Article 16 of the Revised Ordinances of Honolulu ("Article 16" and "ROH"), which addresses "Nuisances on Public Sidewalks."  This Court found that a reasonable person reading the notices that Plaintiffs received upon the seizure of property pursuant to Article 16 would not be aware of the following critical aspects of the Article 16 process: 1) the ability to reclaim his necessities without paying the fee or going through the hearing process; and 2) the opportunity to seek a waiver of the fee for the remaining items from the hearings officer by demonstrating that the payment of

the fee would be onerous for him.  11/29/13 Order, 2013 WL
6222714, at *15.  This Court also found that the other factors
set forth in Winter v. Natural Resources Defense Council, Inc.,
555 U.S. 7 (2008), weighed in favor of issuing the preliminary
injunction.  11/29/13 Order, 2013 WL 6222714, at *16-18.

　　　　This Court therefore granted Plaintiffs' motion for
preliminary injunction insofar as this Court enjoined the City
from violating Plaintiffs' procedural due process and Fourth
Amendment rights in its enforcement of Article 16.  Id. at *18.
This Court ordered the City to:

- return all of the removed items identified in
  the Russell Declaration, and its exhibits, to
  Russell;

- return all of the removed items identified in
  the Anderson Declaration, and its exhibits,
  to Anderson;

- revise its form Summary Removal Notice, and any
  other similar notices, to include notice to
  the property owner of the right to reclaim
  necessities without a fee and without a
  hearing, as well as notice of the right to
  seek a waiver of the fee for the remaining
  items from the hearings officer; and

- to the extent that property owners are present
  at the time of removal of items pursuant to
  Article 16, provide oral notice to the
  property owners of the right to reclaim
  necessities without a fee and without a
  hearing and the right to seek a waiver of the
  fee for the remaining items from the hearings
  officer.

3

Id.[2]

In the Motion for Reconsideration, the City first argues that this Court must reconsider the return-of-property requirement because this Court erred in concluding that the City violated Russell's and Anderson's rights as to items that they do not own.  The City also asks this Court to reconsider the use of the term "raids" in the 11/29/13 Order on the ground that this characterization of the enforcement of Article 16 is unfair and inflammatory.  The City also asks this Court to clarify whether the 11/29/13 Order requires the City to return all property removed pursuant to Article 16 prior to November 29, 2013.  The City states that some of property that has been removed either belongs to unknown persons or does not belong to anyone at all.

In their memorandum in opposition, Plaintiffs ask this Court to clarify the term "necessities," as used in the 11/29/13 Order.  Specifically, Plaintiffs argue that this Court should rule that tents and cellular telephones are included in the term "necessities."  The City responds that Plaintiffs' request is improper because Plaintiffs failed to move for reconsideration in a timely manner.  Further, if this Court is inclined to consider Plaintiffs' request for clarification, the City argues that

---

[2] This Court also ruled against Plaintiffs as to other portions of the their motion for preliminary injunction. Plaintiffs, however, have not moved for reconsideration, and this Court will not discuss those portions of the 11/29/13 Order.

accepting Plaintiffs' definition of "necessities" would be inconsistent with Article 16 and with the administrative materials implementing Article 16.

## STANDARD

In order to obtain reconsideration of the 11/29/13 Order, the City's Motion for Reconsideration "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

## DISCUSSION

### I.   Return of Items to Russell and Anderson

The City argues that this Court must limit the return of items to Russell and Anderson to the items which Plaintiffs

5

have established that Russell and Anderson own.  The City argues that, as to items which Russell and Anderson do not own, they do not have a property interest, and the City did not violate Russell and Anderson's rights by removing those items.  The City's argument is misplaced.

This Court has found that Plaintiffs are likely to succeed on the merits of their claim that the City violated their due process and Fourth Amendment rights when the City enforced Article 16 on the dates at issue in this case.  The 11/29/13 Order did not rule that the City violated Russell's and Anderson's rights when it removed items which Plaintiffs did not own.  The 11/29/13 Order did, however, rule that the notices which the City issued to Russell and Anderson for the seized items were constitutionally insufficient because the notices failed to inform them about critical aspects of the Article 16 process.  Insofar as the notices issued to Russell and Anderson were constitutionally insufficient, the removal of **all** items identified in the notices was also invalid.  This Court acknowledges that Article 16 requires that an owner, or his authorized representative, reclaim items removed as sidewalk nuisances by producing, *inter alia*, "satisfactory proof of identity and entitlement[.]"  ROH § 29-16.3(c).  The City, however, is not entitled to enforce this requirement as to the invalid notices issued to Russell and Anderson.  The City's

Motion for Reconsideration is denied as to the City's argument that the 11/29/13 Order should only require the City to return items to Russell and Anderson that Russell and Anderson establish ownership of.

## II.  Use of the Term "Raids"

The City argues the use of the term "raid" to characterize the enforcement of Article 16 is unfair and inflammatory.  The 11/29/13 Order, however, only uses that term in the summary of Plaintiffs' arguments and claims in the Complaint.  Thus, it is clear that it is Plaintiffs who argue that each enforcement was a raid.  None of this Court's findings and conclusions characterize an Article 16 enforcement as a raid. This Court therefore finds that the City has not established any grounds to reconsider the 11/29/13 Order as to this issue, and this Court denies the Motion for Reconsideration as to this issue.

## III. Requests for Clarification

The City ask this Court to clarify whether the 11/29/13 Order requires the City to return all items seized prior to the filing of the order.  This Court declines to rule on that issue because Plaintiffs' motion for preliminary injunction did not seek return of all items seized, and therefore that issue was not before the Court nor was it considered in its 11/29/13 Order. The City's request for clarification is therefore denied.

7

Finally, this Court also denies Plaintiffs' request for clarification of the term "necessities."  First, this Court notes that Plaintiffs failed to file a timely motion for reconsideration.  Even if this Court were inclined to consider Plaintiffs' request, Plaintiffs have not established any ground that warrants reconsideration of the 11/29/13 Order.  This Court based the 11/29/13 Order on the administrative provisions regarding the applicability of Article 16 to necessities, *i.e.*, the Department of Facilities Management's Administrative Directive regarding "Assessment of Fees for Release of Sidewalk-Nuisance under Honolulu Ordinance 13-8 (2013) Relating to Nuisances on Public Sidewalks" ("Administrative Directive").  Where the Administrative Directive contained relevant terms which the Administrative Directive did not define, this Court considered the common definitions of those terms.  To the extent that the notices issued to Russell and Anderson did not inform them about the necessities provisions at all, the issue of whether additional items should be included within the definition of the term "necessities" was not before this Court in Plaintiffs' motion for preliminary injunction.  To the extent that Plaintiffs are arguing that they are entitled to judgment as a matter of law as to the issue of whether the City is constitutionally required to include certain items within the definition of "necessities," Plaintiffs should file the

8

appropriate motion.  Plaintiffs' request for clarification is therefore denied.

**CONCLUSION**

On the basis of the foregoing, the City's Motion for Reconsideration and Clarification of Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction, filed December 10, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CATHERINE RUSSELL, ET AL. VS. CITY & COUNTY OF HONOLULU; CIVIL NO. 13-00475 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION DENYING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**